CHARLES S. SANBORN *vs.* ERNEST E. FICKETT.

Kennebec.     Opinion February 4, 1898.

*Slander.     Damages.*

The court refused to grant a new trial in an action for slander, brought by a young man of good reputation against a country trader, who discharged the young man from his employ and afterwards accused him of theft; and the plaintiff recovered a verdict of $437.50.

The court cannot say that the verdict is either against the evidence or too large. The jury saw the parties and could best judge what damages would fit the case, and the court cannot discover that they were actuated by prejudice or any other improper motive.

ON MOTION BY DEFENDANT.

The case appears in the opinion.

*L. T. Carleton*, for plaintiff.

*R. W. Crockett*, for defendant.

SITTING: EMERY, FOSTER, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

HASKELL, J.   This is an action for slander.   The verdict was $437.50.   The writ contains four counts.   The first count charges the accusation of stealing both goods and money.   The second and third counts of stealing money.   The fourth count of stealing money more than once.

The defense is that, if the words were spoken, they were spoken

without malice and under a belief that they were true, and in answer to inquiries caused by the defendant and therefore privileged. It is contended that the damages are excessive. Upon these grounds a new trial is asked.

It appears that plaintiff had been at work for defendant some months as clerk in his grocery store in a country village, and was discharged; that one Cunningham who knew of the discharge, thereafterwards went into defendant's store and asked defendant if he thought plaintiff had been taking money from him. Defendant replied, "he did. He knew he had." Cunningham further asked defendant "if he did not think that was a serious charge to make against him. He said it was." Cunningham further asked defendant "if he could not be mistaken. He said no, there was no mistake about it, his accounts were four dollars and some odd cents deficient, and there was no other way but that he took it." . . . . "He said that was not the first; that he had been watching him for some time, and if he let him go in that way he would soon have the whole business." There is no evidence that any other person heard the conversation.

Cunningham doubtless informed plaintiff of defendant's accusation and next day plaintiff, Cunningham and one Boynton called on defendant and Cunningham, plaintiff and Boynton testify, with variation of memory between them, in substance, that plaintiff called upon defendant for an explanation of his charge, or a retraction, and that defendant did neither one, but substantially repeated the accusation made to Cunningham the day before.

If these witnesses be believed, certainly the plaintiff's contention before the jury was sustained. The defendant's first accusation to Cunningham was made without the knowledge or request of plaintiff and was inexcusable, if untrue. The supposed shortage was trifling, and could hardly justify making a charge that would be extremely damaging to the plaintiff, a young man with his living to earn, who appears to have always borne a good reputation. He naturally wanted to have no mistake that defendant had accused him of theft to Cunningham, and therefore the three before mentioned waited upon defendant to make certain whether he meant to

charge defendant with stealing from him.    They found out that he did so intend, and therefore this suit was very properly brought. The accusation made to Cunningham, if true, will sustain the action, whether the second interview be privileged or no.

We cannot say that the verdict is either against the evidence or too large.    The jury saw the parties and could best judge what damages would fit the case, and we cannot discover that they were actuated by prejudice or any other improper motive.

*Motion overruled.*